IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY A. BAIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 12 C 8234 |
| v. | ) |
| | ) |
| ROHR-MONT MOTORS, INC., d/b/a | ) Suzanne B. Conlon, Judge |
| Oakbrook Toyota in Westmont, an Illinois | ) |
| corporation, JOHN BARRETT, and ALEX | ) |
| SYED, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Terry Baier sues his former employer, Rohr-Mont Motors, Inc., d/b/a Oakbrook Toyota in Westmont ("Rohr-Mont"), and his former supervisors, John Barrett and Alex Syed, for alleged violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 *et seq.* (Count I); the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.* (Count II); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* (Count III); and defamation (Counts IV). Defendants move to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons below, the motion is denied.

**BACKGROUND**

As an initial matter, defendants have submitted documentation to support their motion to dismiss, including sworn declarations of individual defendants John Barrett and Alex Syed, excerpts of text messages between plaintiff Terry Baier and Syed, three letters from the DuPage Medical Group from October 21, 2011 and October 26, 2011 regarding Baier's medical condition, and Baier's EEOC charge of discrimination. They ask the court to consider these documents in resolving their motion. The court declines to do so.

It is generally improper to consider materials outside the complaint in deciding a Rule 12(b)(6) motion to dismiss. Fed. R. Civ. P. 12(d). An exception exists when extraneous documents are referenced in the complaint and central to the plaintiff's claims. *Burke v. 401 N. Wabash Venture, LLC*, --- F.3d ---, 2013 WL 1442280, at *2-3 (7th Cir. Apr. 10, 2013). The EEOC charge is disregarded as duplicative of the EEOC charge attached to the complaint. The remaining documents will not be considered because defendants have not established the exception applies. Neither the declarations nor the text messages are mentioned in the complaint. While the complaint alleges Baier provided letters from his physician to defendants, it does not identify the name of the physician, the number of letters, or the dates of the letters. It is not clear that the three letters defendants submitted are the letters Baier referred to or represent all the correspondence he received from his physicians. Moreover, physician letters were not the only form of notice of his medical condition and work restrictions he provided to defendants. Am. Compl. ¶ 27 (notice "including but not limited to providing Defendants with letters from his physician"). Thus, defendants also have not established the letters are central to Baier's claims.

The following facts are taken from the amended complaint. Baier was hired by Rohr-Mont in August 2005. *Id.* ¶ 13. His most recent title was general sales manager. *Id.* ¶ 18. On September 28, 2011, he experienced chest pains and was diagnosed with a damaged aortic valve. *Id.* ¶ 20. He was immediately admitted to the hospital and underwent open heart surgery several days later. *Id.* ¶¶ 20-21. The surgery was to be followed by rehabilitation lasting approximately twelve weeks. *Id.* ¶ 21. Baier requested leave under the FMLA to recover and rehabilitate, but Rohr-Mont never provided him with documents for his FMLA leave request. *Id.* ¶¶ 22-23. Nonetheless, Baier took four weeks of leave. *Id.* ¶ 24. He returned to work on October 26, 2011

with restrictions that limited his hours and lifting and acknowledged the need for continued rehabilitation. *Id.* ¶ 25. He wore a visible defibrillator to monitor his heart. *Id.* ¶ 26.

Baier notified Rohr-Mont about his work restrictions and provided defendants with letters from his physician. *Id.* ¶ 27. His supervisors and co-workers were aware of his medical conditions and restrictions and that he would require further evaluation. *Id.* Syed told employees he "could not handle" Baier wearing a defibrillator pack, that it was "a disgrace to the dealership," and that he was afraid Baier "would drop over dead at the manager's work station." *Id.* ¶ 28. Rohr-Mont and Syed allowed Baier to attend one rehabilitation appointment but insisted he work extensive hours, usually up to twelve hours per day. *Id.* ¶ 29. Less than two weeks after his return, Baier was told he would be demoted to sales manager, a move that would entail a 50% pay cut. *Id.* ¶ 30. Barrett initially told him the reason for the demotion was because Baier "was not a happy person" and "untrainable," but he later stated that defendants really wanted him to resign. *Id.* ¶ 31. Barrett terminated Baier's employment the next day. *Id.* ¶ 32.

On November 10, 2011, the day after Baier was fired, Barrett held two meetings to explain to management and staff the reasons for Baier's termination. *Id.* ¶¶ 23-24. Barrett said that Baier was unable to perform his job duties and lacked integrity in performing his employment duties. *Id.* ¶ 34. Among other things, Barrett stated Baier was "unprofessional" and treated staff in a "demeaning" way. *Id.* Baier subsequently filed a charge of discrimination with the EEOC and timely filed this lawsuit after receiving a right to sue letter. *Id.* ¶¶ 11-12.

## DISCUSSION

This court has jurisdiction over Baier's federal and state law claims. 28 U.S.C. §§ 1331, 1367. The complaint must contain a short and plain statement of a claim showing he is entitled

to relief. Fed. R. Civ. P. 8(a)(2). Baier need only provide enough factual content to show his claims are "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Well-pleaded factual allegations are accepted as true and all reasonable inferences are drawn in Baier's favor. *Opp v. Office of State's Attorney of Cook Cnty.*, 630 F.3d 616, 619 (7th Cir. 2010).

I. **Count I - FMLA Claim**

The Family and Medical Leave Act allows employees to take up to twelve weeks of leave in a twelve-month period when a serious health condition renders the employee unable to perform his job. 29 U.S.C. § 2612(a)(1)(D); 29 C.F.R. § 825.113(a). An employer violates the FMLA by interfering or restraining an individual from exercising or attempting to exercise these rights and by discriminating or retaliating against an individual who exercises his rights. 29 U.S.C. § 2615(a); *Kauffman v. Fed. Exp. Corp.*, 426 F. 3d 880, 884 (7th Cir. 2005). Baier claims defendants denied him FMLA leave to which he was entitled, threatened him with demotion and terminated him two weeks after he returned from leave.

A. **Interference**

Baier claims defendants interfered with his rights under the FMLA by failing to provide FMLA leave to which he was entitled. To prevail on an FMLA interference claim, Baier must establish that (1) he was eligible for the FMLA's protections, (2) Rohr-Mont is a covered employer, (3) he was entitled to leave, (4) he provided sufficient notice of his intent to take leave, and (5) defendants denied him FMLA benefits to which he was entitled. *Nicholson v. Pulte Homes Corp.*, 690 F.3d 819, 825 (7th Cir. 2012). Defendants dispute the last three elements. They contend Baier has not pleaded he was entitled to FMLA leave because he fails to allege what, if any, medical treatment was scheduled between his return to work and his termination.

4

They contend neither the complaint's allegations nor the physician's letters suggest he needed or provided notice of his intent to take FMLA leave, or that he was denied leave.[1]

Defendants' arguments must be rejected. An employee who suffers from a serious health condition that renders him unable to perform his job is entitled to FMLA leave. 29 C.F.R. § 2612(a)(1)(D). Baier alleged he was hospitalized after he experienced chest pains and underwent open heart surgery three days later to repair damage to his aortic valve. Am. Compl. ¶¶ 20-21. His surgery was to be followed by twelve weeks of rehabilitation. *Id.* ¶ 21. These facts plausibly suggest he was incapacitated and entitled to FMLA leave. 29 C.F.R. § 825.115(a). He alleged he provided notice of his intent to take FMLA leave, both immediately following surgery and on an intermittent basis after he returned to work. Specifically, Baier requested FMLA leave "to recover and rehabilitate after surgery." Am. Compl. ¶ 22. He notified Rohr-Mont of his work restrictions, including his need for continuing his rehabilitation, and that his supervisors were aware of these restrictions. *Id.* ¶¶ 25, 27.

Finally, Baier pleaded facts that give rise to an inference defendants denied him FMLA benefits. He alleged his rehabilitation was scheduled to last approximately twelve weeks, that he requested FMLA leave "to recover and rehabilitate," that he took only four weeks of leave immediately after surgery, and that Rohr-Mont failed to provide him with documents relating to his request for FMLA leave. *Id.* ¶¶ 21-24. One reasonable inference from these facts is that Baier was denied the full twelve weeks of leave to which he was entitled. Baier further alleged defendants were aware of his restrictions after he returned to work, including his need to continue rehabilitation, but he was forced to work extensive hours and allowed to attend only one

---

[1] The court does not address defendants' arguments based on the physician letters, which have been excluded for the purpose of resolving defendants' motion to dismiss.

5

rehabilitation appointment. *Id.* ¶¶ 25, 27, 29. These allegations could reasonably suggest that Baier made only one request for leave to attend a rehabilitation appointment or that he made multiple requests, all but one of which were denied. At this stage, reasonable inferences are drawn in Baier's favor, not defendants'. Coupled with the allegation Rohr-Mont and Syed "insisted" he work extensive hours, the court finds the allegations plausibly suggest defendants denied some of Baier's requests for intermittent FMLA leave after he returned to work even though he did not allege the dates and time of any rehabilitation appointments. Accordingly, Baier's allegations are sufficient to state an FMLA claim for interference.[2]

### B. Discrimination and Retaliation

Baier claims defendants discriminated and retaliated against him for exercising his rights under the FMLA. He alleged he was terminated two weeks after returning to work. *Id.* ¶¶ 25, 32. For an FMLA claim based on a discrimination or retaliation theory, the issue is whether the employer's actions were motivated by a retaliatory or discriminatory animus. *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 616 (7th Cir. 2001). A plaintiff establishes a *prima facie* case by showing (1) a statutorily protected activity; (2) a materially adverse action by the employer; and (3) a causal connection between the two. *Id.* Circumstantial evidence, including suspicious timing, may be used to infer discriminatory or retaliatory intent for an alleged FMLA violation. *Long v. Teachers' Ret. Sys. of Ill.*, 585 F.3d 344, 350 (7th Cir. 2009).

---

[2] In their reply, defendants argue plaintiff failed to explain how the allegation he was not fully restored is plausible in light of the allegation he returned to his former position after four weeks of leave. Reply Br. 5. Defendants did not raise this argument as a basis for dismissing the FMLA interference claim in their motion, Def. Mot. 3-5; consequently, it has been waived. Further, Baier alleged he was terminated, and whether termination following a return to work can sustain an FMLA interference claim is more appropriately considered on a motion for summary judgment. *See Nicholson*, 690 F.3d at 827-28 (resolving at summary judgment whether plaintiff's termination two months after she returned from leave constituted a denial of benefits).

6

Defendants argue Baier's FMLA discrimination and retaliation claim fails because the allegation that "[d]efendants did not fully restore [Baier] to the same or an equivalent position after his FMLA leave" is conclusory given the allegations he returned to work and was demoted roughly two weeks later, on or about November 8, 2011.³ This argument is misplaced; an argument that a plaintiff was fully restored to the equivalent of his old job after returning from leave is a challenge to an FMLA claim under an interference theory, not a discrimination or retaliation theory. *See Barton v. Zimmer, Inc.*, 662 F.3d 448, 457 (7th Cir. 2011) (addressing similar argument on summary judgment in the context of an FMLA interference claim).

Defendants argue in their reply brief that a "threatened demotion" does not carry tangible consequences and does not qualify as an adverse employment action. This argument was not raised in their motion to dismiss and may therefore be considered waived. Moreover, the argument is premature; whether a defendant's conduct is materially adverse to constitute an adverse employment action is generally argued at the summary judgment stage. *E.g., Jenkins-Allen v. Powell Duffryn Terminals, Inc.*, 18 F. Supp. 2d 885, 893 (N.D. Ill. 1998) (Bucklo, J.) (on a motion for summary judgment, concluding threats of discharge insufficient to establish *prima facie* case of retaliation). Defendants concede Baier's termination is actionable, however. Reply Br. 6. Thus, Baier's FMLA discrimination and retaliation claim may proceed.

C.  **Individual Liability of Defendants Barrett and Syed**

Individual liability under the FMLA is possible against any person who acts directly or indirectly in an employer's interest. 29 U.S.C. § 2611(4)(A)(ii)(I); 29 C.F.R. § 825.104(d). Defendants contend Baier's allegations are insufficient to raise a plausible claim for relief against

---

³ To clarify, the complaint alleges Baier was threatened with demotion on or about November 8, 2011. Am. Compl. ¶¶ 30-31. He was fired, not demoted, the next day. *Id.* ¶ 32.

7

individual defendants John Barrett and Alex Syed. They argue Baier has not alleged Syed commented or acted upon any FMLA issues or participated in his threatened demotion or termination. Defendants' initial arguments pertain exclusively to Syed. Defs. Mot. 6. They concede Barrett may be required to defend the decision to terminate Baier. Reply Br. 7. Because defendants concede there is a basis for holding Barrett individually liable, the court addresses only whether Baier's allegations are sufficient to plead a plausible claim for relief against Syed.

A plaintiff may assert FMLA claims against an individual who (1) had supervisory authority over the plaintiff and (2) is at least partly responsible for the alleged violation. *E.g., Robinson v. Morgan Stanley*, No. 06 C 5158, 2007 WL 2815839, at *13-14 (N.D. Ill. Sept. 24, 2007) (Holderman, J.). Baier's allegations satisfy the first prong. He alleged Syed was his supervisor. Am. Compl. ¶ 4. Viewing the complaint in the light most favorable to Baier, the allegations also satisfy the second prong. The facts alleged support a reasonable inference Syed denied Baier FMLA leave for medical treatment by insisting he work up to twelve hours per day and by permitting him to attend only one rehabilitation appointment despite his awareness of Baier's condition and restrictions, including his need for continued rehabilitation. *Id.* ¶¶ 25, 27, 29. Coupled with his role as Baier's supervisor, the allegations Syed "could not handle" Baier wearing a defibrillator, that it was "a disgrace to the dealership," that he was afraid Baier "would drop over dead at the manager's work station," and that he really wanted Baier to resign suggest he may have participated or provided input in the decision to terminate Baier. *Id.* ¶¶ 28, 31.

*Evans v. Henderson*, No. 99 C 8332, 2000 WL 1161075 (N.D. Ill. Aug. 16, 2000) (Conlon, J.), is inapposite. There, individual defendants Henderson and Porter were dismissed because the complaint did not allege *any* actions taken by them. *Id.* at *3. Here, in contrast,

8

Baier alleged specific actions taken by Syed that may constitute FMLA violations. He therefore may proceed with his FMLA claims against both Syed and Barrett.

Accordingly, defendants' motion to dismiss Count I is denied.

## II.     Count II - ADA Claim

Baier alleges Rohr-Mont violated the ADA by discharging him. To prevail on an ADA claim for disability discrimination, he must show he (1) is disabled as defined under the ADA, (2) is otherwise qualified to perform the essential functions of his job with or without reasonable accommodation, and (3) suffered an adverse employment action because of his disability. *Basden v. Prof'l Transp., Inc.*, --- F.3d ---, 2013 WL 1891292, at *2 (7th Cir. May 8, 2013). The parties dispute whether Baier has pleaded the first element. "Disability" is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Baier alleges he had an actual impairment, or, in the alternative, that Rohr-Mont regarded him as being disabled. Am. Compl. ¶ 44. Defendants argue Baier's allegations fail to state a plausible claim for relief because they do not suggest Baier's heart condition limited a major life activity.[4] They further contend Baier cannot establish a disability under the "regarded as" prong because his impairment was "transitory and minor."

At this stage of the proceedings, defendants' arguments fail. Baier has alleged he had a heart condition, which qualifies as a physical impairment. 29 C.F.R. § 1630.2(h)(1) (defining "physical or mental impairment" as "[a]ny physiological disorder or condition . . . affecting one or more body systems, such as . . . cardiovascular . . . ."). He also alleged facts that plausibly

---

[4] Defendants also cite the physician letters submitted with their motion to support their arguments. As discussed, the court shall not consider the letters in deciding defendants' motion.

suggest his physical impairment limited one or more major life activities. Specifically, he alleged that because of his heart condition, he was restricted to working limited hours for only short periods of time, that his lifting ability was restricted. Am. Compl. ¶¶ 25-26. Lifting and working are major life activities. 42 U.S.C. § 12102(2)(A). The court declines to dismiss plaintiff's ADA claim because he has not specified the extent to which his lifting and working were limited. "Substantially limits" is to be construed broadly in favor of expansive coverage; it is not meant to be a demanding standard. 29 C.F.R. § 1630.2(j)(1)(i). An impairment need not prevent or significantly restrict a plaintiff from performing a major life activity to be substantially limiting. *Id.* § 1630.2(j)(1)(ii); *Chi. Reg'l Council of Carpenters v. Thorne Assocs., Inc.*, 893 F. Supp. 2d 952, 961 (N.D. Ill. 2012) (Pallmeyer, J.). Baier has stated a plausible claim under the "actual impairment" prong of the ADA.

To proceed under the "regarded as" prong of the ADA, Baier must demonstrate Rohr-Mont believed he had an impairment that substantially limited one or more major life activities. *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 786 (7th Cir. 2007). As an initial matter, Baier has pleaded allegations sufficient to suggest his heart condition substantially limited his major life activities of lifting and working. Whether he can also base his ADA claim on being regarded as having a disability is moot at this juncture because he has asserted a plausible claim for relief under the actual impairment prong. *King v. Nw. Cmty. Hosp.*, No. 09 C 5903, 2010 WL 1418581, at * 4 (N.D. Ill. Apr. 7, 2010) (Der-Yeghiayan, J.) (defendant's contention plaintiff failed to allege facts showing she was regarded as having an impairment was moot in light of her allegations she was substantially limited in the major life activity of walking). Further, Baier alleged Rohr-Mont was aware of his medical condition and work restrictions. Am. Compl.

¶¶ 25, 27. He alleged one of his supervisors made comments he was afraid Baier "would drop over dead at the manager's work station" and that defendants wanted him to resign. *Id.* ¶¶ 28, 31. These allegations plausibly suggest Baier was regarded as having an impairment that substantially limited his ability to work. *See King*, 2010 WL 1418581, at *4. Finally, whether Baier's heart condition was a "transitory and minor" impairment is a defense to an ADA claim under the "regarded as" prong for which Rohr-Mont bears the burden of proof. *See* 29 C.F.R. § 1630.15(f) (describing defense and stating employer must demonstrate the impairment is or would be both transitory and minor). The court declines to dismiss Baier's ADA claim at the motion to dismiss stage based on defendants' assertion a defense applies.

### III.   Count III - ADEA Claim

Baier asserts Rohr-Mont discriminated against him because of his age. Am. Compl. ¶¶ 51-53. Defendant asserts the phrase "in other terms and conditions of employment" must be stricken from paragraph 52 because the EEOC charge references only Baier's discharge. Baier has agreed to strike this language. Defendants' motion to dismiss Count III is denied as moot.

### IV.   Count IV - Defamation

Baier sues Rohr-Mont and Barrett for defamation under Illinois law. A defamation action is designed to redress statements that harm a plaintiff's reputation by lowering him in the eyes of the community or by deterring the community from associating with him. *Solaia Tech., LLC v. Specialty Publ'ns Co.*, 852 N.E.2d 825, 839 (Ill. 2006). To state a defamation claim, a plaintiff must present facts showing (1) defendants made a false statement about him, (2) defendants made an unprivileged publication of that statement to a third party, and (3) the publication caused damages. *Id.* Statements may be defamatory *per quod* or defamatory *per se*. *Bryson v. New Am.*

11

*Publ'ns, Inc.*, 672 N.E.2d 1207, 1214, 1221 (Ill. 1996). The former are statements requiring extrinsic facts to show their defamatory meaning; the latter are statements so harmful to the plaintiff's reputation that damages are presumed. *Id.* No clear rule exists for determining whether language is defamatory; each case is decided on its own facts. *Rosner v. Field Enters., Inc.*, 564 N.E.2d 131, 143 (Ill. App. Ct. 1990).

Baier alleged that during meetings held on November 10, 2011, Barrett explained to sales staff and management the reasons for his termination. Specifically, he alleged Barrett told others he was unable to perform his job duties, lacked integrity performing his employment duties, was "unprofessional," and treated staff in a "demeaning" way. Am. Compl. ¶¶ 33-34. Barrett's alleged statements impute Baier (1) was unable to perform or lacked integrity in performing his employment duties and (2) lacked ability in his profession. *Solaia*, 852 N.E.2d at 839. Baier pleads defamation *per se*. *Id.* However, *per se* defamatory statements are not actionable if they are reasonably capable of innocent construction or are expressions of opinion. *Solaia*, 852 N.E.2d at 839. Defendants argue Barrett's alleged statements are non-actionable opinion.

Whether a statement is fact or constitutionally protected opinion is a matter of law for the court to decide. *Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc.*, 882 N.E.2d 1011, 1022 (Ill. 2008); *Madison v. Frazier*, 539 F.3d 646, 654 (7th Cir. 2008). The court considers from the perspective of a reasonable recipient (1) whether the statement has a precise and readily understood meaning or is indefinite and ambiguous, (2) whether the statement is verifiable, and (3) whether the statement's literary or social context signals it has factual content. *Imperial Apparel*, 882 N.E.2d at 1022; *Madison*, 539 F.3d at 654. The focus is on verifiability. *Rose v. Hollinger Int'l, Inc.*, 889 N.E.2d 644, 648 (Ill. App. Ct. 2008).

Barrett's alleged statement Baier was unable to perform his job duties may reasonably be considered a statement of fact. This statement is easily understood and could be objectively verified by assessing Baier's job duties at the time of his termination, whether he was qualified for the position, and whether he was capable of performing—or was actually performing—his job duties. The terms "unprofessional" and "demeaning" and "integrity" are easily understood; however, what is considered to be unprofessional or demeaning conduct or a lack of integrity may vary from person to person. *See Green v. Trinity Int'l Univ.*, 801 N.E.2d 1208, 1220 (Ill. App. Ct. 2003) ("What is considered rude or unprofessional differs from person to person.").

The social context of Barrett's statement signals his statements were statements of fact or mixed opinion. An expression of mixed opinion is an opinion in form or context that is based on facts that have not been stated or that are assumed to exist by the parties to the communication. *Mittelman v. Witous*, 552 N.E.2d 973, 983 (Ill. 1989), *abrogated on other grounds by Kuwik v. Starmark Mktg. & Admin., Inc.*, 619 N.E.2d 129 (Ill. 1993). Statements of mixed opinion are actionable. *Id.* Barrett made all the alleged statements in his role as Baier's supervisor during meetings discussing the reasons for Baier's termination with management and staff. It is reasonable to infer that Barrett, as Baier's supervisor, had knowledge of facts demonstrating Baier's character, conduct, and inability to perform that were not explicitly stated. Based on the social context of Barrett's alleged statements and the fact that at least one statement could be objectively verified, the court finds it would be premature to dismiss Baier's defamation claim at this time. *See Barakat v. Matz*, 648 N.E.2d 1033, 1042 (Ill. App. Ct. 1995) (declining to dismiss defamation claim based on statements of fact or mixed expressions of fact and opinion where the statements implied an underlying factual basis that could be verified).

Defendants argue Baier's allegations do not meet federal pleading standards. Federal notice pleading rules apply to Baier's defamation claim because it was filed in federal court. *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003). Baier has provided the date of the alleged defamatory statements, where and to whom they were made, and a general description of their content. The court finds these allegations are sufficient to place defendants on notice of the claim. Baier may proceed with his defamation claim. Defendants' motion to dismiss Count III is denied.

## CONCLUSION

Defendants' motion to dismiss the amended complaint is denied.

ENTER:

May 29, 2013

Suzanne B. Conlon
United States District Judge