# UNITED STATES DISTRICT COURT
## IN THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **TERRY A. BAIER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 12 CV 8234** |
| **ROHR-MONT MOTORS, INC.,** | ) | |
| **an Illinois corporation d/b/a** | ) | **Judge Blakey** |
| **Oakbrook Toyota in Westmont,** | ) | |
| **JOHN BARRETT, ALEX SYED,** | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S PETITION FOR ATTORNEYS' FEES AND COSTS[1]

Plaintiff, Terry A. Baier ("Plaintiff"), by and through his attorneys, Avery Camerlingo Kill, LLC, by Annemarie E. Kill, and pursuant to Federal Rule of Civil Procedure 54, files this Petition for Attorneys' Fees and Costs which were incurred from October 12, 2012 through June 26, 2015[2] in the amount of **$362,927.50** and for costs of **$6,189.17** and further states as follows:

1.      This Court held a jury trial in this matter from June 1, 2015 through and including June 12, 2015 regarding Plaintiff's claims 1) under the Family Medical Leave Act ("FMLA"), 2) under the Americans with Disabilities Act ("ADA"), and 3) for defamation.

---

[1] The Court ordered that this Petition be filed by July 7, 2015 with other post-trial motions. Though Plaintiff complied with Local Rule 54.3(d)(1-2) by providing detailed billing records to counsel for the Defendants, the due date for this Petition did not allow sufficient time for the parties to fully comply with Rule 54.3 prior to the filing of the Petition. Accordingly, the court should order the parties to fully comply with 54.3 and, after doing so, Plaintiff requests leave to file a Memorandum of Law regarding the disputed issues, if any, with respect to fees.

[2] Since this Petition was to be filed by July 7, 2015 it only includes fees through June 26, 2015. Plaintiff seeks leave to supplement the Petition to add fees incurred after June 26, 2015. Additionally, since a Bill of Costs is to be filed only after Judgment is entered, Plaintiff's Bill of Costs in the amount of $6,189.17 of taxable costs is attached as **Exhibit G**.

2.    The jury returned a verdict in favor of Plaintiff on all claims.   As to the FMLA claim, the jury awarded a total of **$308,240.94** in damages.[3]  As to the ADA claim, the jury awarded Plaintiff **$350,000** in compensatory damages and **$1,300,000** in punitive damages.   As to the defamation claim, the jury awarded Plaintiff **$200,000** in punitive damages.

3.    Under the FMLA, the prevailing party *shall* recover an award of reasonable attorneys' fees and costs. 29 U.S.C. §2617(a)(3).  Specifically, "[u]nlike most other statutory fee-shifting provisions, §2617 *requires* an award of attorneys' fees to the plaintiff when applicable. The award is not left to the discretion of the district court." <u>Franzen v. Ellis Corp</u>., 543 F.3d 420, 430 (7th Cir. Ill. 2008).  Furthermore, the fee-shifting provision of the FMLA, which awards attorneys' fees in addition to any judgment for the plaintiff, applies more broadly than similar provisions in other statutes which simply refer to "prevailing parties." <u>Id</u>. at 430.

4.    In addition, under the ADA a prevailing party is also entitled to an award of fees. 42 U.S.C. §12205.

5.    Plaintiff now seeks an award of attorneys' fees of **$362,927.50** due to his success for his claims under both the FMLA and ADA.

6.    In determining the amount of attorneys' fees to award, a court initially should determine the lodestar amount.  <u>See</u> <u>Rodriguez v. City of Chicago</u>, 2013 U.S. Dist. LEXIS 136335, *2-3 (N.D. Ill. Sept. 24, 2013).  The lodestar figure is based on the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. <u>Id</u>. at *3-4.  The lodestar fee is presumptively appropriate. <u>Flanagan v. Office of the Chief Judge of the Circuit Court</u>, 663 F. Supp. 2d 662, 673 (N.D. Ill. 2009) citing <u>Blum v. Stenson</u>, 465 U.S. 886, 897, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1983).

---

[3] Plaintiff's Motion for Equitable Relief, including liquidated damages under the FMLA, is pending before the Court.  This would result in total damages under the FMLA of $616,481.88.

7.    Fee-shifting statutes in civil rights legislation allows litigants access to attorneys who would otherwise be inaccessible, in light of the low retainers most plaintiffs can actually afford.  Estate of Borst v. O'Brien, 979 F.2d 511, 517 (7th Cir. 1992). A plaintiff is entitled to recover attorneys' fees at the customary rates his attorneys are charging their paying clients. Mathur v. Board of Trustees of So. Ill. University, 317 F.3d 738, 743 (7th Cir. 2003).  These are the rates that the plaintiff's attorneys "would receive if [they] were selling [their] services in the market rather than being paid by court order."  Barrow v. Falck, 977 F.2d 1100, 1105 (7th Cir. 1992).  In fact, the attorney's actual billing rate for comparable work is "presumptively appropriate" to use as the market rate.  People Who Care v. Rockford Bd. of Educ., 90 F.3d 1307, 1310 (7th Cir. Ill. 1996).   Accordingly, a court should compensate a plaintiff's attorney at their actual market rates for the amount that they would have earned from paying clients. Gusman v. Unisys Corp., 986 F.2d 1146, 1150 (7th Cir. 1993).

8.    The attorneys' fees requested in this Petition are explained in the attached Declaration of Plaintiff's lead counsel, Annemarie E. Kill as attached in **Exhibit A**.  The qualifications of lead counsel are detailed in the attached **Exhibit B.**   The qualifications of associate, Rebecca Cahan, are detailed in the attached **Exhibit E.**

9.    The hours claimed by Plaintiff's counsel for the work performed from October 12, 2012 through June 26, 2015 are detailed in the attached **Exhibit C**.  They hours and rates are then summarized in **Exhibit D**.

10.    Plaintiff's counsels spent over a thousand hours on this case, which precluded them from working on other matters, resulting in significant opportunity costs.  More importantly, without the efforts and expertise of Plaintiff's attorneys, the Plaintiff would likely not have achieved the significant recovery he achieved on this case.  The work performed and

the results achieved fully support the number of compensable hours Plaintiff's attorneys request in this petition.

11.     Further, the Plaintiff's attorneys' requested hourly rates, paralegal rates, and law clerk rates represent the law firm's actual market rates.  A representative sample of Fee Agreements between Annemarie E. Kill and other clients is attached as **Exhibit F** establishing the similar rates charged in other cases.

12.     The requested hourly rates are also on par with the rates that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.   The rates sought by Plaintiff's attorneys' are not only consistent with rates of comparable lawyers, they are also more than reasonable considering other fee awards in this Circuit, even unadjusted to 2015 rates.  Rodriguez v. City of Chicago, 2013 U.S. Dist. LEXIS 136335, *10-11 (N.D. Ill. Sept. 24, 2013) ($350-$375 rate reasonable for lead counsel based on 2011 and 2012 rates and awarding $217,053.00 in fees after settlement of $99,000 was reached after summary judgment); Walters v. Mayo Clinic Health System-EAU Claire Hosp., Inc., 2015 U.S. Dist. LEXIS 26860, *16-17, *23 (W.D. Wis. Mar. 4, 2015) (approving of $350 per hour in Wisconsin and awarding $375,466.66 in fees for successful FMLA claim even after discounting for unsuccessful ADA claim);  Alcazar-Anselmo v. City of Chicago, 2011 U.S. Dist. LEXIS 82291, *19 (N.D. Ill. July 27, 2011) (approving $350 hourly rate for attorney with 25 years of experience in 2011 case and awarding total fees of $237,097.46 after reduction due to success on only one of two FMLA claims);  Miller v. Ill. DOT, 2014 U.S. Dist. LEXIS 40516, *10 (S.D. Ill. Mar. 26, 2014) ($300 an hour is a reasonable rate for case in southern Illinois).

13.     Plaintiff also requests taxable costs as delineated on **Exhibit G** in the amount of **$6,189.17**.

14.     Accordingly, the Court should compensate Plaintiff's counsel using the lodestar method given both the reasonableness of the hours and the rate.  To the extent Defendants have any objection or request that these fees be adjusted, Plaintiff will address the argument in a Memorandum of Law to be submitted after the parties' full compliance with Local Rule 54.3.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that the Court 1) grant Plaintiff leave to file a Memorandum of Law regarding disputed issues upon the parties' full compliance with Local Rule 54.3, 2) grant Plaintiff leave to supplement this Petition for Attorneys' Fees regarding additional fees incurred after June 26, 2015, and 3) award Avery Camerlingo Kill, LLC **$362,927.50** in reasonable attorneys' fees incurred from October 12, 2012 through June 26, 2015, plus costs of **$6,189.17** for a total of **$369,116.67** plus such other fees and costs incurred after the date of June 26, 2015.

/s/ Annemarie E. Kill_____
One of attorneys for Plaintiff

Dated: July 7, 2015

AVERY CAMERLINGO KILL, LLC
Annemarie E. Kill (#6229587)
Attorney for Plaintiff
218 N. Jefferson St., Suite 200
Chicago, IL 60661
312-648-9707
akill@averycamerlingokill.com

## <u>CERTIFICATE OF SERVICE</u>

Annemarie E. Kill certifies that on July 7, 2015 she e-filed the above and foregoing **<u>Plaintiff's Petition for Attorneys' Fees and Costs</u>** via the case management/electronic case filing system with the Clerk of the U.S. District Court.  The parties may access this filing through the Clerk's electronic filing system, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

| | | |
|---|---|---|
| Mr. Glenn R. Gaffney | Mr. William Hutul | Mr. James Buchholz |
| Gaffney & Gaffney, P.C. | William Hutul, P.C. | Tourkow Crell Rosenblatt & |
| 1771 Bloomingdale Road | 230 Bennett Dr. | Johnston, LLP |
| Glendale Heights, IL 60139 | Carol Stream, IL  60188 | 127 W. Berry St., Suite 1200 |
| | | Fort Wayne, IN  46802 |

/s/ Annemarie E. Kill_____
Annemarie E. Kill (#6229587)
Avery Camerlingo Kill, LLC
Attorney for Plaintiff
218 N. Jefferson St., Suite 200
Chicago, IL 60661
312-648-9707
akill@averycamerlingokill.com