UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY A. BAIER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-08234 |
| | ) | |
| vs. | ) | Judge John Robert Blakey |
| | ) | |
| ROHR-MONT MOTORS, INC., | ) | Magistrate Judge Sidney I. Schenkier |
| an Illinois corporation d/b/a | ) | |
| Oakbrook Toyota in Westmont, | ) | |
| JOHN BARRETT, ALEX Barrett | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RULES 60(a) MOTION TO CORRECT OR AMEND JUDGMENT TO CONFORM TO JURY VERDICT**

Defendants, Rohr-Mont Motors, Inc., an Illinois corporation d/b/a Oakbrook Toyota in Westmont ("Oakbrook Toyota"), John Barrett ("Barrett"), and Alex Syed ("Syed"), by their attorneys William G. Hutul, P.C., Tourkow Crell Rosenblatt & Johnson, LLP, and Trier Law Office, respectfully request that the Court amend the August 25, 2015 Judgment to Conform to the Jury verdict entered on June 12, 2015, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. The judgment on the jury verdict, as currently written, purports to enter judgment against all three defendants on all claims, which is not consistent with the verdicts actually entered by the jury. As the judgment entered appears to be a clerical error, Defendants are entitled to correction of the judgment to conform to the jury verdict.

**BRIEF PROCEDURAL HISTORY**

On February 6, 2013, Plaintiff, Terry A. Baier ("Baier") filed his First Amended Complaint setting forth interference and retaliation claims under the Family Medical Leave Act, ("FMLA"), against all Defendants, a claim under the Americans with Disabilities Act, ("ADA"),

1

against Oakbrook Toyota only, a claim under the Age Discrimination in Employment Act, ("ADEA"), against Oakbrook Toyota only, and a defamation claim against Oakbrook Toyota and Barrett, individually. (Doc. No. 14).

On November 17, 2014, the Court granted Defendants' Motion for Summary Judgment as to Baier's FMLA retaliation claim against Syed and his ADEA claim, and denied summary judgment as to Baier's remaining claims. (Doc. No. 77)

Commencing June 1, 2015, the remaining claims were tried before a jury. On June 10, 2015, the Court granted in part and denied in part Defendants' Motion for Directed Verdict. (Doc. No. 120, 122). The Court directed a verdict in favor of all three defendants on Baier's FMLA restoration claim and in favor of Barrett on Baier's FMLA notice claim.

On June 12, 2015, the jury rendered a verdict in Plaintiff's favor on his remaining claims. (Doc. No. 131). The verdict form consists of six pages.

The only claim against Syed determined by the jury was the FMLA interference claim. The jury found in Baier's favor and against Syed but awarded no damages on the FMLA interference claim. (Doc. 131 at pp. 2-4).

On the FMLA retaliation claim, the jury found in Baier's favor and against Oakbrook Toyota and Barrett. (Doc. 131 at p. 2). The jury awarded $268,200.00 in back pay, $33,750.00 in back benefits, and $6,497.00 in interest on back pay and back benefits. (Doc. 131 at p. 4). Syed was not a defendant on the FMLA retaliation claim.

On the ADA claim, which was against Oakbrook Toyota only, the jury found in Baier's favor and awarded him $350,000.00 in compensatory damages and $1,300,000.00 in punitive damages. (Doc. 131 at pp. 4-5). Neither Syed nor Barrett were defendants on the ADA claim.

On the defamation claim, the jury found in Baier's favor and against Barrett. (Doc. 131 at p. 2). The jury also found in Oakbrook Toyota's favor on the defamation claim. (Doc. 131 at p. 2). The jury awarded Baier $200,000.00 in punitive damages but no general, actual or nominal damages. (Doc. 131 at pp. 5-6). Syed was not a defendant on the defamation claim.

The Court, on August 25, 2015, entered judgment on the civil docket in favor of Baier and against all Defendants which reads as follows:

> Judgment is hereby entered in favor of plaintiff Terry A Baier and against defendants Rohr-Mont Motors, Inc., John Barrett, Alex Syed in the amount(s) of: Back Pay as a result of FMLA retaliation claim: 268,447.00, back benefits as a result of his FMLA retaliation claim: 33,750.00, Award of interest on his back pay and back benefits award that resulted from his FMLA retaliation claim: 6,043.94, Award of compensatory damages as a result of his ADA claim: 350,000.00, Award of punitive damages as a result of his ADA claim: 1.3 million, Award of punitive damages as a result of his defamation claim: 200,000.00. (Doc. 154).

Following the entry of the August 25, 2015, judgment order, Defendants filed a Motion to Clarify the judgment, (Doc. No. 156), which the Court granted on September 11, 2015, stating, in part, that "The Entered Judgment [154] is not the Court's ruling disposing of any outstanding motions, which remain pending before the Court under the previously set briefing schedule." (Doc. No. 157).

## APPLICABLE LAW

Rule 60(a) of the Federal Rules of Civil Procedure provides that "clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." Fed. R. Civ. P. 60(a). For an error to be clerical, the outcome reflected in the judgment must be inconsistent with what has been previously expressed by the jury, and the inconsistency must arise from a problem with the

"translation of the original mearing to the judgment." *American Fed'n of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). If the judgment is not what was actually intended and indicated in the proceedings leading up to entry of the judgment, Rule 60(a) allows the mistake to be corrected. *Wesco Prods. Corp. v. Alloy Auto Co.,* 880 F.2d 981, 984 (7th Cir. 1989). The Supreme Court has observed that Rule 60(a) gives courts "the power and the duty to correct judgments which contain clerical errors or judgment which have been issued due to inadvertence or mistake." *American Trucking Assn's v. Frisco Transp. Co.,* 355 U.S. 133, 145 (1958). *Pollack v. Rosalind Franklin Univ.*, 2006 WL 3783418, at *14-15 (N.D. Ill. 2006). .

## ARGUMENT

On June 12, 2015, the jury found in Baier's favor on his FMLA interference claims for failure to provide notice and for failure to allow a reduced leave schedule, but awarded no damages. Without damages, judgment cannot enter against any Defendant on the FMLA interference claims. See, *Franzen v. Ellis Corp.*, 543 F.3d 420, 426 (7th Cir. 2008) (Section 2617 provides no relief unless Plaintiff can prove he was prejudiced by the violation); *Cianci v. Pettibone Corp.*, 152 F.3d 723, 729-729 (7th Cir. 1998) (plaintiff had no claim under FMLA when she did not suffer any damages). Wherefore, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, all Defendants request that this Court correct or amend its judgment of August 25, 2015, to state that judgment is entered in favor of all Defendants and against Baier on his FMLA interference claims.

The judgment as currently written purports to enter a monetary judgment against Syed, which is inconsistent with the jury verdict. Syed was not a named Defendant at trial in the

FMLA retaliation, ADA, or defamation claims, which are the claims upon which the jury awarded damages.

The only claim pending against Syed at the trial's conclusion was for FMLA interference. As stated above, the jury awarded no damages on that claim and therefore no monetary judgment can be entered against Syed. Wherefore, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, Syed respectfully requests that this Court correct or amend its August 25, 2015, judgment and provide that judgment is entered in favor of Syed and against Baier.

The judgment as currently written also purports to enter monetary judgment against Barrett on all three claims, which is inconsistent with the verdict. Barrett was not a named defendant in the ADA claim and it is only on the FMLA retaliation and defamation claims that any monetary judgment can be entered against him. Wherefore, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, Barrett respectfully requests that the Court correct or amend its judgment of August 25, 2015, to remove him from the monetary judgment with respect to Baier's ADA claim.

Finally, the judgment as currently written purports to enter monetary judgment against Oakbrook Toyota on Baier's defamation claim, which is inconsistent with the verdict because the jury found in the dealerships' favor on that claim. The monetary verdict on the defamation claim was solely against Barrett. Wherefore, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, Oakbrook Toyota respectfully requests that the Court correct or amend its judgment of August 25, 2015, and provide that judgment is entered in favor of Oakbrook Toyota and against Baier on his defamation claim.

WHEREFORE, Defendants respectfully request, pursuant to Rule 60(a) of the federal Rules of Civil Procedure, that this Court amend the August 25, 2015, judgment to conform to the jury verdict as follows:

1. Judgment is entered in favor of Alex Syed and against Plaintiff, Terry A. Baier, on all claims. Judgment is entered in favor of all Defendants, Rohr-Mont Motors, Inc., John Barrett, and Alex Syed and against Plaintiff, Terry A. Baier, on his FMLA interference claims. Judgment is entered in favor of Rohr-Mont Motors, Inc. and against Plaintiff, Terry A. Baier, on his defamation claim. Judgment is entered in favor of Plaintiff, Terry A. Baier and against Defendant, Rohr Mont-Motors, Inc. on his FMLA retaliation claim in the amount of $268,477.00 in back pay; $33,750.00 in back benefits; and $6043.94 in interest on back pay and back benefits. Judgment is entered in favor of Plaintiff, Terry A. Baier and against Defendant, Rohr-Mont Motors, Inc. on his ADA claim in the amount of $350,000.00 in compensatory damages and $1,300,000.00 in punitive damages. Judgment is entered in favor of Plaintiff, Terry A. Baier and against John Barrett on his defamation claim in the amount of zero presumed damages, zero actual damages, zero nominal damages, and $200,000.00 in punitive damages.

                  Respectfully submitted,

                  /s/James P. Buchholz
                  James P. Buchholz
                  One of Defendants' Attorneys

James P. Buchholz (6199810)
TOURKOW, CRELL, ROSENBLATT
& JOHNSTON, LLP
127 West Berry Street
Fort Wayne, IN 46802
(260) 426-0545
Fax (260) 422-9991
jbuchholz@tcrjlaw.com

**CERTIFICATE OF SERVICE**

James P. Buchholz certifies that on September 28, 2015, he *e-filed* the above and foregoing **Defendants' Rule 60(a) Motion to Correct or Amend Judgment to Conform to Jury Verdict**, via the case management/electronic case filing system with the Clerk of the U.S. District Court, Northern District of Illinois. The parties may access this filing through the Court's electronic filing system, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

/s/James P. Buchholz<br>James P. Buchholz<br>One of Defendants' Attorneys

James P. Buchholz (6199810)
TOURKOW, CRELL, ROSENBLATT
& JOHNSTON, LLP
127 West Berry Street
Fort Wayne, IN 46802
(260) 426-0545
Fax (260) 422-9991
jbuchholz@tcrjlaw.com