UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY A. BAIER, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12-cv-08234 |
| ) | |
| vs. ) | Judge John Robert Blakey |
| ) | |
| ROHR-MONT MOTORS, INC., ) | |
| an Illinois corporation d/b/a ) | |
| Oakbrook Toyota in Westmont, ) | |
| JOHN BARRETT, and ALEX SYED, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO VACATE AND/OR ALTER OR AMEND MEMORANDUM OPINION AND
ORDER OF MARCH 30, 3016**

Defendants, by counsel, respectfully request that the Court vacate its March 30, 2016 Memorandum Opinion and Order, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure and enter an amended judgment as a separate document under Rule 58 of the Federal Rules of Civil Procedure. The present motion is prompted by an Order entered by the Seventh Circuit Court of Appeals on December 5, 2016, a copy of which is attached to defendants' Motion to Vacate and/or to Alter or Amend.

1

The Seventh Circuit Court of Appeals observed that "the district court on March 30, 2016, altered the amended judgment entered on September 30, 2015 – the amount of damages awarded to plaintiff, apart from fees and costs, changed – requiring the district court to set forth the changes in a separate document under Rule 58." (Order of December 5, 2016 at p.1). Thus, the Seventh Circuit's Order supports the relief defendants now seek from this Court in the form of an order vacating that portion of the March 30, 2016 Memorandum Opinion and Order on page 43 which sets forth the total award as well as the March 30, 2016 Docket Entry by the Clerk of the Court. Defendants reasonably believed that an amended judgment would be entered setting forth the damages awarded by the jury at trial and by this Court on the post-trial motions. Defendants reasonably thought, as explained during the November 3, 2016 hearing that a final judgment would be set forth on a separate document under Rule 58 and that the date of entry of the separate document would start the time for an appeal.

The March 30, 2016 Memorandum Opinion and Order grants plaintiff, Terry A. Baier's ("Baier") request for equitable relief to include an award of liquidated damages under the Family and Medical Leave Act ("FMLA") in the amount of $308,240.94 and grants prejudgment interest in the amount of $37,185.34 on Baier's claim under the Americans With Disabilities Act ("ADA"). In addition, the Court partially granted defendants' request for remittitur on Baier's ADA claim, reducing to $100,000.00 in compensatory damages and $0 in punitive damages the damages previously awarded by the jury of

$350,000.00 in compensatory damages and $1,300,000.00 in punitive damages.

When it granted these motions to amend the judgment, the Court should have set forth the amended judgment on a separate document to comply with Rule 58 of the Federal Rules of Civil Procedure, as appears to be the conclusion of the Seventh Circuit Court of Appeals. As set forth below, the Seventh Circuit Court of Appeals interprets Rule 58(a)'s language that "a separate document is not required for an order *disposing of a motion*" as applicable only to an order denying the requested post-trial relief and not to the granting of the post-trial motion. *Employers Ins. of Wausau v. Titan Int'l, Inc.,* 400 F.3d 486, 489 (7th Cir. 2005). Where, as here, a District Court grants a motion to amend a judgment, the amended judgment should be set forth as a separate document under Rule 58.

In its Order of November 3, 2016, this Court held "no separate document was required to dispose of" the various post-trial motions. (Doc. 200 at p. 2). The Seventh Circuit's Order of December 5, 2016 concluded otherwise. As no separate document was entered on the amended judgment, any failure on the part of the defendants to file a Notice of Appeal to the Seventh Circuit within thirty (30) days of the March 30, 2016 Memorandum Opinion and Order was the result of mistake, inadvertence, or excusable neglect under Rule 60(b)(1) of the Federal Rules of Civil Procedure.

Courts apply a liberalized excusable neglect standard since the Supreme Court's decision in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380 (1993). The defendants cannot be faulted for waiting for entry of an amended judgment. After *Pioneer,* the Seventh Circuit Court of Appeals has held that excusable neglect includes omissions made through carelessness and mistake and that it is even possible to show excusable neglect without identifying any extraordinary circumstance. *Robb v. Norfolk & Western Ry. Co.,* 122 F.3d 354, 359 (7th Cir. 1997) *citing to Matter of Singson,* 41 F.3d 316, 319 (7th Cir. 1994) *and Matter of Bulic,* 997 F.2d 299, 302 (7th Cir. 1993).

Under the authorities set forth herein, defendants respectfully request that the court vacate that portion of its March 30, 2016 Memorandum Opinion and Order which purports to enter final judgment and enter an amended judgment as a separate document consistent with Rule 58 of the Federal Rules of Civil Procedure. Any failure on defendants" part to file an appeal within 30 days of the March 30, 2016 Memorandum Opinion and Order was caused by excusable neglect, omissions through carelessness or mistake. Defendants' conduct is exactly the type of conduct that warrants relief under Rule 60(b)(1).

**BACKGROUND INFORMATION**

After a jury trial from June 1-5 and June 8-12, 2015, the Court entered an order directing all post-trial motions to be filed on or before July 7, 2015. (Doc. 126). Defendants filed a Motion for Remittitur and Renewed Motion for Judgment as a Matter of Law on Baier's state law defamation claim on July 7,

4

2015, pursuant to Fed. R. Civ. P. 50(a). (Doc. 136). Baier filed a Motion for Attorney Fees under Fed. R. Civ. P. 54 on July 7, 2015. (Doc. 138). Baier's July 7, 2015 Petition for Attorney Fees and Costs (Doc. 138), sought attorney fees in the amount of $362,927.50 and costs of $6,189.17. (Doc. 138 at p. 1). He attached a Bill of Costs as Exhibit G to his Petition. (Doc. 138 at p. 1, fn. 1).

Baier also filed a Motion to Alter of Amend the Verdict pursuant to Fed. R. Civ. P. 59(e) as well as a Motion for Equitable Relief as to liquidated damages on his claim under the FMLA and interest on back pay and benefits on his ADA claim on July 7, 2015. (Doc. 139, 140).

On August 25, 2015, the Court entered Judgment in a Civil Case as follows:

> Judgment is hereby entered in favor of plaintiff Terry A. Baier and against defendants Rohr-Mont Motors, Inc., John Barrett, Alex Syed in the amount(s) of: Back pay as a result of FMLA retaliation claim: 268,447.00, back benefits as a result of his FMLA retaliation claim: 33,750.00, Award of interest on his back pay and back benefits award that resulted from his FMLA retaliation claim: 6,043.94, Award of compensatory damages as a result of his ADA claim: 350,000, Award of punitive damages as a result of his ADA claim: 1.3 million, award of punitive damages as a result of his defamation claim: 200,000.00. (Doc. 154, page 1).

On September 28, 2015, defendants filed a Motion to Correct or Amend Judgment to Conform to the Jury Verdict with respect to the August 25, 2015 judgment as to defendant Syed. (Doc. 180). The entry of August 25, 2015 states that judgment was entered against all defendants of Baier's FMLA retaliation claim, ADA claim, and defamation claims. (Doc. 154 at p. 1). However, the only claim against Syed pending at the trial's conclusion was for FMLA interference, and the jury entered no monetary verdict against Syed on that claim. Defendants therefore requested that the Court amend or correct its August 25, 2015 judgment to provide that judgment be entered in favor of Syed and against Baier.

Also, the judgment as written purported to enter monetary judgment against Barrett on all three claims, which was inconsistent with the verdict. Barratt was not named a defendant in the ADA claim and the verdict against him were only on the FMLA retaliation claim and the state law defamation claim. Barrett therefore requested that the court correct or amend it judgment to remove him from any monetary judgment with respect to Baier's ADA claim.

Finally, the judgment purported to enter monetary judgment against Oakbrook Toyota on Baier' defamation claim, which was inconsistent with the verdict because the jury found in the dealership's favor on that claim. The monetary verdict on the defamation claim was solely against Barrett. Oakbrook Toyota therefore requested that the court correct or amend its

judgment of August 25, 2015 and provide that judgment was entered in favor of Oakbrook Toyota and against Baier on his defamation claim.

On September 30, 2015, the court entered an Amended Judgment. (Doc. 182).

All post-trial motions remained pending until the Court entered a lengthy Memorandum Opinion and Order ruling on the post-trial motions. (Doc. 196).

Also on March 30, 2016, the Clerk of the District Court entered a Notification of Docket Entry which reads as follows:

> As explained in the accompanying memorandum opinion and order, he Court rules as follows: (1) Defendant's motion for remittitur and for judgment as a matter of law, [136] is granted in part and denied in part. The request for remittitur is granted. Plaintiff's damage award under the ADA is reduced from $350,000 in compensatory damages and $1,300,00 in punitive damages to $100,000 in compensatory damages and $0 in punitive damages. The motion for judgment as a matter of law is denied. (2) Plaintiff's motion to alter or amend the verdict, [139], is denied as moot. (3) Plaintiff's motion for equitable relief, [140], is granted. Plaintiff is entitled to an award of $308,240.94 in liquidated damages under the FMLA, and $37,185.34 in pre-judgment interest under the ADA. (4) Plaintiff's motion to strike, [189] is granted. The clerk is instructed to strike the Pierce Filings, [188], [193], from the dockets. (5)

7

Plaintiffs petition for attorney's fees and costs, [138], is granted in part and denied in part. Plaintiff is awarded $389,166.57 in costs and fees. The total award to Plaintiff, including damages, pre-judgment interest, costs and fees, is set out in the accompanying memorandum opinion and order. (Doc. 195)

Baier filed a Motion to Enforce Judgment on October 18, 2016 and attaches a proposed Memorandum of Judgment to that Motion. (Doc. 197). Defendants filed a Response to the Motion to Enforce Judgment on November 1, 2016. (Doc. 199).

This Court entered an Order denying the Motion to Enforce Judgment. (Doc. 200). The Court rejected the notion that any judgment as a result of its March 30, 2016 Memorandum Opinion and Order had to be entered as a separate document under Rule 58 and found both side's positions to be "mistaken." (Doc. 200 at p. 1). Finally, the Court held that its March 30, 2016 Memorandum Opinion and Order "started the 30-day clock" on any appeal by the defendants. (Doc. 200 at p. 2).

**ARGUMENT**

**An Order Granting A Motion To Alter Or Amend Judgment Requires Entry Of An Amended Judgment Under Rule 58**

The separate document requirement relieves any uncertainty as to finality "where the opinion or memorandum has not contained all the elements of a judgment, or where the judge has later signed a formal judgment," and "it

has become a matter of doubt whther the purported entry of judgment was effective, starting the time running for post-verdict motions and for the purposes of appeal. *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384-85 (1978). "[T]he separate document rule should be interpreted to prevent loss of the right of an appeal, not to facilitate loss." *Id.* at 386. When post-judgment relief is granted, it produces an amended judgment and the amended judgment should be set forth in a separate document. The Advisory Committee notes to the 2002 amendments to Rule 58 provide, "… if disposition of the motion results in an amended judgment, the amended judgment must be set forth on a separate document."

The separate document rule applies to the March 30, 2016 Memorandum Opinion and Order to the extent it grants remittitur on the ADA claim, grants equitable relief and grants costs. Rule 58 states that a separate document is not required for an order "disposing of" a post judgment motion. The seventh circuit court of appeals has interpreted the "disposing of" language as denying a motion. If a motion to granted, then there should be an amended judgment entered on a separate document. This interpretation is supported by the 2002 Advisory Committee Note to Rule 58.

In *Titan,* the District Court granted summary judgment to Wausau and entered in its favor for $243,199.00. Both Wausau and Titan filed Rule 59(e) motions to amend the judgment. Wausau, the plaintiff, wanted prejudgment interested added to the judgment as well as an award of costs. 400 F.3d at

488. Titan requested the judgment be vacated. On February 4, 2004, the District Court entered an order denying Titan's motion for reconsideration but granting Wausau both the prejudgment interest and costs it sought. Titan did not appeal within 30 days of that order. On March 11, 2004, the District Court entered a judgment order captioned "Amended Judgment in a Civil Case" and described in the body of the order that the amended judgment was being entered under Rule 58. The amended judgment was for the original judgment, prejudgment interest, and the costs, all in the amounts specified in the February 4, 2004 order. Id. Titan filed its appeal within 30 days of the March 11, 2004 amended judgment.

Wausau argued on appeal that Titan's appeal was untimely because it was not filed within 30 days of the February 4, 2004 order. Since an order "disposing of" a Rule 59 motion is not required to be set forth in a separate document, Wausau argued the clock for filing any appeal start on February 4, 2004 and not on March 11, 20014, when the District Court entered the Amended Judgment.

After exploring the history of Rule 58's separate document, the *Titan* Court held that when a District Court grants a motion to amend a judgment (which is the case here), Rule 58 requires the amended judgment be set forth in a separate document. "The only way to reconcile the requirement that an amended judgment be set forth in a separate document with the exception to that requirement for an order disposing of a Rule 59(e) motion *is by reading*

*'disposing of a motion' as denying a motion."* 400 F.3d at 489 (Emphasis added). The *Titan* Court held that its interpretation "is supported, though muddily, by the Committee Notes to the 2002 Amendment to Rule 58. The note states that 'if disposition of the [Rule 59(e)] motion results in an amended judgment' – as it did here – 'the amended judgment must be set forth on a separate document,' as it was, on March 11." *Id.* Thus, the exception to the separate document requirement of Rule 58 applies *only* when a Rule 59 motion is denied. If a Rule 59 motion is granted, a separate document is required to reflect the amended judgment. The *Titan* Court interpreted "disposing" in Rule 58 as "denying," not "granting or denying.*" Id. See also, Janky v. Farag,* 2007 WL 1832118 * 2 (N.D.Ind. 2007) (relying upon *Titan* and holding that "an order granting a motion to amend the judgment creates the need to set forth the judgment on a separate document, which in turn determines when the 30 days in which an appeal may be filed commences"). Thus, Titan's appeal filed within 30 days of the amended judgment (as opposed to the earlier underlying opinion adding prejudgment interest), was timely. *Id.* at 488-89.

As applied here, when the Court granted remittitur on Baier's ADA claim and granted liquidated damages and prejudgment interest on his FMLA claim, *Titan* required entry of an amended judgment as a separate document to comply with Rule 58. The Seventh Circuit Court of Appeal's Order of December 5, 2016 fully supports this conclusion. Only had this Court denied the requested post-trial relief would no separate document be required under Rule 58.

11

Defendants submit they are entitled to have that portion of the March 30, 2016 Memorandum Opinion and Order addressing damages, specifically set forth on page 43, vacated based upon *Titan,* the 2002 amendments to Rule 58, and the Seventh Circuit Court of Appeals' Order of December 5, 2016.

**The March 30, 2016 Memorandum Opinion and Order Should be Set Aside Pursuant to Rule 60(b)(1)**

Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceedings for the following reasons: mistake, inadvertence, surprise or excusable neglect." Fed.R.Civ.P.60(b)(1).[1] This Court has the discretion to consider the equities and determine whetner a purportedly missed filing deadline was a mistake, inadvertent, or excusable neglect. *Robb,* 122 F.3d at 359.

The United States Supreme Court adopted a "flexible understanding" of "excusable neglect" in *Pioneer,* to include those situations in which the failure to comply with a filing deadline is attributable to negligence. 507 U.S.at 394. The *Pioneer* Court referred to the ordinary, common meaning of "neglect" which means "to give little attention or respect to a matter, or closer to the point for our purposes, to leave undone or unattended to especially through carelessness." *Id.* at 388. The Court then relied upon this definition to hold that the word negligence "encompasses both simple, faultless omissions to act,

---

[1] A motion under Rule 60(b)(1) must be made not more than one (1) year after the judgment was entered. The Memorandum Opinion and Order at issue here was entered by the Court on March 30, 2016 and the instant motion is therefore timely.

and more commonly, omissions caused by carelessness." *Id.* Thus, a finding of excusable neglect "is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." 507 U.S. at 391. Indeed, in *Robb,* 122 F.3d at 391, the Seventh Circuit Court of Appeals held that "[b]y following *Pioneer* in a clear and straightforward fashion, we join the other circuits that acknowledge 'excusable neglect' has a new and broader meaning in the aftermath of the Supreme Court's 1993 decision" in *Pioneer.*

Since *Pioneer,* the Seventh Circuit Court of Appeals has applied a broadened definition of excusable neglect. In *Matter of Bulic*, 997 F.2d 299, 302 (7th Cir. 1993), the Court observed that excusable neglect "could include omissions through carelessness and mistake." In *Matter of Singson*, 41 F.3d 316, 319 (7th Cir. 1994) it relied upon *Pioneer* for that observation that it is "possible to show 'excusable neglect' …without identifying any 'extraordinary' circumstance."

While *Pioneer* discussed the meaning of the term "excusable neglect" in the context of Bankruptcy Rule 9006(b), the Seventh Circuit Court of Appels has held that the definition applies "elsewhere in the array of federal procedural rules, including Federal Rule of Civil Procedure 60(b)(1)," *Robb,* 122 F.3d at 359.

According to the *Pioneer* Court, what amounts to excusable neglect under Rule 60(b) is "at bottom an equitable one" which takes into consideration "all relevant circumstances" surround the party's conduct, including: (1)

defendant's reason for failing to comply with a filing deadline; (2) the p potential impact of defendant's neglect upon judicial proceedings; (3) the danger of prejudice to plaintiffs should defendant's neglect be deemed excusable; and (4) whether defendant acted in good faith. *Pioneer,* 507 U.S. at 395.

In *Robb,* the Seventh Circuit Court of Appeals emphasized that, following *Pioneer*, a District Court should follow *Pioneer's* directive to construe excusable neglect liberally. 122 F.3d at 358-59.

When these factors are considered in light of the history of this case, defendants' failure to file an appeal within 30 days of the March 30, 2016 Memorandum Opinion and Order was the result of excusable negligence so as to justify relief under Rule 60(b)(1). Defendants reasonably and in good faith believed that an amended final judgment, set forth on a separate document to comply with Rule 58, would be entered following the grant of Baier's post-trial request for liquidated damages on his FMLA retaliation claim and pre-judgment interest on his ADA claim, as well as the Court's grant of remittitur on Baier's ADA claim. In retrospect, defendants' belief is borne out in the Seventh Circuit Court of Appeals' December 5, 2016 Order.

Moreover, evaluation of the relevant circumstances set forth in *Pioneer* fully support defendants' position that any failure on its part to file an appeal within thirty (30) days of the March 30, 2016 Memorandum Opinion and Order amounts to excusable neglect on their part. First, defendants should not be

faulted for waiting on an amended judgment when, under the authorities cited in the prior section, an amended judgment was required when this Court granted remittitur to defendants and granted Baier's request for liquidated damages on his FMLA claim and prejudgment interest on his ADA claim. As defendants explained to the court during the November 3, 2016 hearing, they were waiting for entry of a separate document under Rule 58 and were intent on filing an appeal once a separate document was entered. With all due respect to the Court, which is apparently of the opinion no separate document was required and the March 30, 2016 Memorandum Opinion and Order was the final action required for any party to take an appeal, *Titan* fully supports defendants' wait for an amended judgment or a judgment set out as a separate document. To the extent defendants were confused, that confusion is easily explained. Any neglect on defendants' part to not file an appeal within 30 days of the March 30, 2016 Memorandum Opinion and Order is very explainable and therefore excusable. This factor weighs in favor of a finding that any neglect on defendants' part is excusable. Any confusion was genuine.

Second, minimal if any prejudice falls on Baier if this Court vacates the March 30, 2016 Memorandum Opinion and Order and enters an amended judgment and defendants pursue an appeal, because defendants have provided sufficient security to Baier in the form of a Letter of Credit. Filed contemporaneously with this Motion to Vacate and/or to Alter or Amend Judgment, defendants have tendered to the Court a Motion to Stay Enforcement of Judgment and for Approval of its Letter of Credit. The Letter

of Credit, if approved, mitigates against any prejudice to Baier should the court be inclined to grant relief in the form of an amended judgment.

Any delay in satisfaction of judgment should be assessed in comparison to the prejudice to defendants if they have no avenue to appeal a judgment which exceeds 1 million dollars. Again, balancing of the equities should be resolved in defendants' favor and this Court should broadly interpret Rule 60(b)(1) to encompass situations like that presented here.

Third. there is no evidence to suggest the defendants acted in any manner other than in good faith. They have been actively involved in this litigation from the start, which support the conclusion that neither the defendants nor their counsel acted willfully or in bad faith in not filing an appeal within 30 days of the March 30, 2016 Memorandum Opinion and Order. defendants have acted in good faith. They filed and responded to post-trial motions and at times requested clarification of various rulings. That the defendants and their counsel have been actively involved in this litigation strongly suggest they did not act willfully in neglecting to file an appeal within 30 days of the March 30, 2016 Memorandum Opinion and Order.

In retrospect, the defendants arguably made a mistake in this case by not construing the March 30, 2016 Memorandum Opinion and Order as an appealable final judgment. However, under the authorities discussed herein, this mistake constitutes excusable neglect. They did not act in bad faith.

There is a letter of credit in place to protect plaintiff. Have meritorious issues to raise on appeal from a judgment that currently exceeds 1million dollars. Balancing of the equities should allow defendants to proceed with an appeal after the court entered an amended judgment.

Finally, while it is defendants' conduct upon which this court should focus when considering the current motion, it is noteworthy that Baier may also have had some questions as to whether he had a final judgment because he requested entry of a Memorandum of Judgment on October 18, 2016. (Doc. 197). He has this Court's Memorandum Opinion and Order of March 31, 2016 yet has taken no action to enforce the purported judgment or to institute proceedings supplemental toward collection of the judgment.

## CONCLUSION

For all the foregoing reasons, and consistent with *Pioneer,* defendants, by counsel, respectfully move this Court to grant it relief pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, vacate its March 30, 2016 Memorandum Opinion and Order to the extent it considered it to be a final judgment, and enter and Amended Judgment to comply with Rule 58 of the Federal Rules of Civil Procedure. The defendants conduct here was no worse than excusable neglect and relief is therefore available to them under Rule 60(b)(1).

Respectfully submitted,

TOURKOW, CRELL, ROSENBLATT
& JOHNSTON

By: /s/ James P. Buchholz
    James P. Buchholz
    Attorney for Defendants

127 East Berry Street
Suite 1200
Fort Wayne, IN 46802
Telephone: (260) 426-0545
Email: jbuchholz@tcrjlaw.com

BAUER LEGAL, LLC

By: /s/Diana C. Bauer  IN#11906-64

429 E. Dupont Road #175
Fort Wayne, IN 46825
Telephone: (260)414-5582
Email: dianabauerlegal@gmail.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 3rd day of February, 2017, I e-filed the above and foregoing via the case management/electronic case filing system with the Clerk of the U.S. District Court. The parties may access this filing through the Clerk's electronic filing system, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

    Mr. William Hutul        billhutul@aol.com

    Ms. AnneMarie Kill      akill@averycamerlingokill.com

                                    By: /s/ James P. Buchholz   IL#6199810