Terry A Baier
                              Plaintiff,

v.                                                Case No.: 1:12−cv−08234
                                                              Honorable John Robert Blakey

Rohr−Mont Motors, Inc., et al.
                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, March 31, 2017:

      MINUTE entry before the Honorable John Robert Blakey: Before the Court is Defendants' motion to vacate and/or alter or amend [208]. In substance, the motion asks the Court to re−enter its 3/30/16 Memorandum Opinion and Order in order to issue a new judgment as a separate document under Federal Rule of Civil Procedure 58. The Seventh Circuit has indicated that, when the Court issued its 3/30/16 ruling, a separate Rule 58 judgment should have been entered [209−1]. Even though this Court neglected to enter a separate amended judgment at that time, the remedy for that technical omission is not, as Defendants suggest, the belated entry of a separate judgment to restart the clock on Defendants' notice of appeal. Rather, the proper remedy is prescribed in the rule itself, which contains an express fail safe provision for this exact circumstance. Under Rule 58(c)(2)(B), where a separate judgment is not entered, the time for filing a notice of appeal is extended 150 days from the entry of the order on the docket. Thus, as a practical matter, any failure to enter an amended judgment in a separate document automatically extended the time for filing a notice of appeal 150 days beyond the 30 days typically afforded by Federal Rule of Appellate Procedure 4(a). Defendants failed to file a notice of appeal within that 180−day period. Nor did Defendants seek clarification or request a separate judgment at any time during that 180−day period. Indeed, Defendants did not even raise the issue until Plaintiff attempted to collect on the judgment long after the protracted time for filing a notice of appeal expired; and despite the fact that this Court had previously issued multiple orders citing Rule 58 and advising the parties to consult the Federal Rules of Appellate Procedure themselves to calculate the time for filing a notice of appeal, including Rules 3 and 4. Defendants' motion to vacate and/or alter or amend [208] is denied. In denying Defendants' motion, the Court has considered both the fairness to Plaintiff, who is entitled to finality and payment on the judgment, and the potential merits of any appeal by the Defendants. In light of the above, Defendants' request for ruling [212] is granted, and Defendants' motion to stay pending appeal [207] and amended motion to stay pending appeal [211] are denied as moot. Full satisfaction of the judgment is expected forthwith. Additionally, although the issue is moot, the Court notes that the Letters of Credit submitted by Defendants are unacceptable because they include an expiration date. The Court directs the Clerk to immediately return the Letters of Credit to Defendants. Mailed notice(vcf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.