UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY A. BAIER, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ROHR-MONT MOTORS, INC., )<br>an Illinois corporation d/b/a )<br>Oakbrook Toyota in Westmont, )<br>JOHN BARRETT, ALEX SYED, )<br>      Defendants. ) | Case No. 12 CV 8234<br><br>Judge Blakey |

**PLAINTIFF'S SECOND SUPPLEMENTAL PETITION FOR ATTORNEYS' FEES AND COSTS[1]**

Plaintiff, Terry A. Baier ("Plaintiff"), by and through his attorneys, Avery Camerlingo Kill, LLC, by Annemarie E. Kill, and pursuant to Federal Rule of Civil Procedure 54, files this Petition for Attorneys' Fees and Costs which were incurred from March 30, 2016 through October 5, 2017[2] in the amount of **$56,372.50** and for costs of **$1,167.13** and further states as follows:

1. This Court held a jury trial in this matter from June 1, 2015 through and including June 12, 2015 regarding Plaintiff's claims 1) under the Family Medical Leave Act ("FMLA"), 2) under the Americans with Disabilities Act ("ADA"), and 3) for defamation.

2. The jury returned a verdict in favor of Plaintiff on all claims. As to the FMLA claim, the jury awarded a total of **$308,240.94** in damages. As to the ADA claim, the jury awarded Plaintiff **$350,000** in compensatory damages and **$1,300,000** in punitive damages. As to the defamation claim, the jury awarded Plaintiff **$200,000** in punitive damages.

---

[1] Plaintiff is prepared to fully comply with Local Rule 54.3 if this Court so orders. However, prior efforts and the history of this case have proven this would likely be futile.

[2] Plaintiff seeks leave to file a Third Supplemental Petition for Attorneys' Fees and Costs to add fees incurred after October 5, 2017.

3. On March 30, 2016, this Court entered a Memorandum Opinion and Order disposing of all post-trial motions. (Dkt. #196).

4. The final amount awarded to Plaintiff after applying statutory damage caps, liquidated damages and interest was **$953,667.22**. Id. In addition, Plaintiff was awarded attorneys' fees and costs of **$389,166.57** for fees and costs. Id.

5. On October 18, 2016, Plaintiff filed a Motion for Entry of Memorandum of Judgment. (Dkt. #197). On November 1, 2016, Defendants filed a Response to Plaintiff's Motion for Entry of a Memorandum of Judgment claiming that the March 30, 2016 Memorandum Opinion and Order was not a final and appealable judgment. (Dkt. #199).

6. On November 3, 2016, this Court entered an order finding that the March 30, 2016 order was final and the time for any party to file a notice of appeal had expired. (Dkt. #200).

## Untimeliness and Dismissal of First Appeal-- Case No. 16-4075

7. On December 2, 2016, Defendants filed an appeal of the orders of March 30, 2016 and November 3, 2016. (Dkt. #201/Seventh Circuit Case. No. 16-4075, Dkt. #1).

8. On December 5, 2016, the Seventh Circuit Court of Appeals (hereinafter "Seventh Circuit") ordered Defendants to file a memorandum by December 19, 2016 stating why their appeal should not be dismissed for lack of jurisdiction. Case No. 16-4075, Dkt. #2 at 2. The Seventh Circuit held the judgment is "treated as entered 150 days after the March 30, 2016 order, or on August 29, 2016…." Id. at 1 (emphasis added.) The Seventh Circuit then found that the Defendants' "notice of appeal, however, was filed on December 2, 2016, over two months late." Id. at 2 (emphasis added).

9. On December 19, 2016, Defendants filed a "Motion for Extension of Time to File Jurisdictional Memorandum, or, in the Alternative, to Hold Appeal in Abeyance." Case No. 16-4075, Dkt. #4.

10. On December 20, 2016, the Seventh Circuit, on its own motion, ordered Defendants' attorneys to show cause for their failure to respond to the Seventh Circuit's order of December 5, 2016 and advised them that failure to respond may result in monetary or disciplinary sanctions. Case No. 16-4075, Dkt. #5. Defendants' attorneys' responses were due December 23, 2016. Id.

11. On December 20, 2016, the Seventh Circuit denied Defendants' Motion for Extension of Time to File Jurisdictional Memorandum, or, in the Alternative, to Hold Appeal in Abeyance since "Appellants give no reason why they could not, and cannot, respond to the court's order of December 5, 2016, questioning both the timeliness of their appeal and the appealability of the district court's order of November 3, 2016." Case No. 16-4075, Dkt. #6 (emphasis added).

12. On December 23, 2016, the Defendants filed a Motion for Voluntary Dismissal of the Appeal. Case No. 16-4075, Dkt. #8.

13. On December 27, 2016, the Seventh Circuit dismissed Defendants' appeal No. 16-4075.

**Defendants' Subsequent Rule 60(b)(1) Motion to Vacate in the District Court**

14. On February 3, 2017, Defendants returned to this Court and filed a Motion to Stay Pending Appeal and Approval of Letter of Credit and a Motion to Vacate and/or Alter or Amend Memorandum Opinion and Order of March 30, 2016 ("Motion to Vacate"). (Dkt. #204, #208, #209).

15. In their Motion to Vacate, the Defendants requested the trial court "vacate its March 30, 2016 Memorandum Opinion and Order to the extent it considered it to be a final judgment, and

3

enter and (sic) Amended Judgment…" (Dkt. #209 at 17, Dkt. #208). The Defendants only requested that the Memorandum Opinion and Order of March 30, 2016 be re-entered. Id.

16. On February 9, 2017, Defendants filed an Amended Motion to Stay Pending Appeal and Approval of Letter of Credit. (Dkt. #211).

17. On March 31, 2017, this Court denied Defendants' Motions. (Dkt. #214). This Court found that Defendants were simply trying to circumvent the time to appeal by filing the Motion to Vacate. This Court held:

> In substance, the motion asks the Court to re-enter its 3/30/16 Memorandum Opinion and Order in order to issue a new judgment as a separate document under Federal Rule of Civil Procedure 58. . . Even though this Court neglected to enter a separate amended judgment at the time, the remedy for that technical omission is not, as Defendants suggest, the belated entry of a separate judgment to restart the clock on Defendant's Notice of Appeal. Rather, the proper remedy is prescribed in the Rule itself, which contains an express fail safe provision for this exact circumstance….. Indeed Defendants did not even raise the issue [of entering a separate judgment] until Plaintiff attempted to collect on the judgment long after the protracted time for filing the notice of appeal expired; and despite the fact that this Court had previously issued multiple orders citing Rule 58 and advising the parties to consult the Federal Rules of Appellate Procedure themselves to calculate the time for filing a notice of appeal… In denying Defendants' motion, this Court has considered both the fairness to Plaintiff, who is entitled to finality and payment on the judgment, and the potential merits of any appeal by the Defendants.… **Full satisfaction of the judgment is expected forthwith.** Additionally, although the issue is moot, the Court notes that the Letters of Credit submitted by Defendants are unacceptable because they include an expiration date. The Court direct the clerk to immediately return the Letters of Credit to Defendants.

Dkt. #214 (emphasis added).

### Defendants' Second Appeal-- Case No. 17-1923

18. On May 1, 2017, Defendants appealed this Court's order of March 31, 2017. Seventh Circuit Case. No. 17-1923, Dkt. #1.

19. Plaintiff filed a Motion to Dismiss Appeal for Lack of Jurisdiction or for Summary Affirmance. Case. No. 17-1923, Dkt. #6.

20. The Seventh Circuit requested full briefing on Plaintiff's Motion which was completed.

21. On July 12, 2017, the Seventh Circuit affirmed this Court, noting in part that "the failure of defendant-appellants to acknowledge Rule 58(c)(2)(B)—Rule 58's 'deeming rule'-- in their filings in both the district court and this court is **frankly inexcusable**." Case. No. 17-1923, Dkt. #11.

22. Defendants' appeals and motions were frivolous and have delayed this case, but have now concluded.

### Enforcement of the Judgment

23. On August 3, 2017, this Court reminded Defendants:

> [T]his Court advised Defendants: **'Full satisfaction of the judgment is expected forthwith.' Nevertheless, more than four (4) months later, Defendants have still not paid a dime.** … [T]his Court authorizes Plaintiff to pursue supplementary citation proceedings on Defendants' assets generally which, in turn, will result in turnover assets to satisfy the judgment in full. **In the absence of voluntary satisfaction of the judgment (which this Court recommends), Defendants are hereby warned the Court will use its inherent power to impose contempt sanctions for any failure to cooperate with the citation proceedings, or any failure to otherwise comply with any further order of this Court.**

Dkt. 221.

24. Despite this Court's clear warnings, Defendants have failed to satisfy any part of the Judgment.

25. Pursuant to this Court's order, Plaintiff served Citations to Discover Assets on both liable parties— Rohr-Mont Motors, Inc. ("Rohr-Mont) and John Barrett ("Barrett"). Rohr-Mont's examination was scheduled for September 28, 2017 at 1:00 p.m. Barrett's examination was scheduled for October 5, 2017 at 1:00 p.m. Both Citations requested numerous documents including tax returns, bank statements, and many other documents reflecting income, assets, and other information relative to the Citations.

26. Rohr-Mont did not appear through its registered agent or any other representative on September 28, 2017 at 1:00 p.m.

27. On September 28, 2017, at approximately 4:00 p.m., Plaintiff's attorney received a call from William Hutul ("Hutul"), Defendants' attorney. He stated he would accept service of both Citations for the Defendants and he would produce Barrett and all responsive documentation for his examination on October 5, 2017.

28. Hutul also stated that on October 5, 2017, he would produce all responsive documents for the Rohr-Mont examination. He also stated that Robert Rohrman would appear on behalf of Rohr-Mont for his examination on October 12, 2017. This was all memorialized in an e-mail.

**29. Hutul also stated that Defendants had the ability to satisfy the judgment in whole based on its assets. He also stated that there were expected insurance proceeds from 1) Rohr-Mont's own insurance policies and 2) proceeds from several malpractice actions against attorneys they claim committed malpractice. However, Hutul stated Defendants still refused to pay the Judgment, or any part of it**.[3]

30. On October 5, 2017, the day of Barrett's examination, Barrett, Hutul, and Mark Battista, registered agent for Rohr-Mont, appeared half an hour late. *Barrett only brought a total of four (4) pages of responsive documents*-- the required "Income and Assets Form," one page of a 401(k) statement and one (1) page of a bank statement. He acknowledged he had many more documents responsive to the Citation, but just did not bring them.

31. On October 5, 2017, Rohr-Mont also failed to produce all of the documents requested in the Citation to them, contrary to the agreement of counsel.

---

[3] In the underlying litigation, as early as Rule 26(a)(1) disclosures and thereafter, Defendants stated they did **not** have insurance coverage related to this matter.

32.     The Citation proceedings are ongoing and now Plaintiff will file, among other pleadings, Petitions for a Rule to Show Cause seeking to have Defendants held in contempt of court for their failure to comply with the Citations.  Plaintiff now must also serve additional Citations and turnover orders as to the property of the parties since Defendants, though they have the assets, will simply not pay the Judgment.

## Attorneys' Fees and Costs

33.     Under the FMLA, the prevailing party *shall* recover an award of reasonable attorneys' fees and costs.  29 U.S.C. §2617(a)(3).  Specifically, "[u]nlike most other statutory fee-shifting provisions, §2617 *requires* an award of attorneys' fees to the plaintiff when applicable.  The award is not left to the discretion of the district court."  Franzen v. Ellis Corp., 543 F.3d 420, 430 (7th Cir. Ill. 2008).  Furthermore, the fee-shifting provision of the FMLA, which awards attorneys' fees in addition to any judgment for the plaintiff, applies more broadly than similar provisions in other statutes which simply refer to "prevailing parties."  Id. at 430.

34.     In addition, under the ADA a prevailing party is also entitled to an award of fees.  42 U.S.C. §12205.

35.     Plaintiff is entitled to all appellate fees and costs, as well as all costs associated with supplementary proceedings.

36.     Plaintiff now seeks an additional award of attorneys' fees of **$56,372.50** due to his success for his claims under both the FMLA and ADA.  He also seeks the amount of **$1,167.13** for legal research costs.

37.     In determining the amount of attorneys' fees to award, a court initially should determine the lodestar amount.  See Rodriguez v. City of Chicago, 2013 U.S. Dist. LEXIS 136335, *2-3 (N.D. Ill. Sept. 24, 2013).  The lodestar figure is based on the number of hours reasonably

expended on the litigation multiplied by a reasonable hourly rate. Id. at *3-4. The lodestar fee is presumptively appropriate. Flanagan v. Office of the Chief Judge of the Circuit Court, 663 F. Supp. 2d 662, 673 (N.D. Ill. 2009) citing Blum v. Stenson, 465 U.S. 886, 897, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1983).

38. Fee-shifting statutes in civil rights legislation allows litigants access to attorneys who would otherwise be inaccessible, in light of the low retainers most plaintiffs can actually afford. Estate of Borst v. O'Brien, 979 F.2d 511, 517 (7th Cir. 1992). A plaintiff is entitled to recover attorneys' fees at the customary rates his attorneys are charging their paying clients. Mathur v. Board of Trustees of So. Ill. University, 317 F.3d 738, 743 (7th Cir. 2003). These are the rates that the plaintiff's attorneys "would receive if [they] were selling [their] services in the market rather than being paid by court order." Barrow v. Falck, 977 F.2d 1100, 1105 (7th Cir. 1992). In fact, the attorney's actual billing rate for comparable work is "presumptively appropriate" to use as the market rate. People Who Care v. Rockford Bd. of Educ., 90 F.3d 1307, 1310 (7th Cir. Ill. 1996). Accordingly, a court should compensate a plaintiff's attorney at their actual market rates for the amount that they would have earned from paying clients. Gusman v. Unisys Corp., 986 F.2d 1146, 1150 (7th Cir. 1993).

39. The attorneys' fees requested in this Petition are explained in the attached Declaration of Plaintiff's lead counsel, Annemarie E. Kill as attached in **Exhibit A**. The qualifications of lead counsel and partner Rebecca Cahan, have been previously detailed in Plaintiff's initial Petition for Attorneys' Fees and Costs. (Dkt. #138).

40. The hours claimed by Plaintiff's counsel for the work performed from March 30, 2016 through October 5, 2017 are detailed in the attached **Exhibit B**. They hours and rates are then summarized in **Exhibit C**.

41. Plaintiff's counsels spent this time to defend Plaintiff from Defendants' unsuccessful appeals and in order to pursue supplementary proceedings which are ongoing, and in which Defendants have failed to cooperate.

42. Further, the Plaintiff's attorneys' hourly rates requested herein have already been approved by this Court and as such are the law of the case. They also represent the law firm's actual market rates. (A representative sample of Fee Agreements between Annemarie E. Kill and other clients is attached to the original Petition for Attorneys' Fees and Costs establishing similar rates charged in other cases. (Dkt #138)).

43. The requested hourly rates are also on par with the rates that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question. The rates sought by Plaintiff's attorneys are not only consistent with rates of comparable lawyers, they are also more than reasonable considering other fee awards in this Circuit, even unadjusted to 2015 rates. Rodriguez v. City of Chicago, 2013 U.S. Dist. LEXIS 136335, *10-11 (N.D. Ill. Sept. 24, 2013) ($350-$375 rate reasonable for lead counsel based on 2011 and 2012 rates and awarding $217,053.00 in fees after settlement of $99,000 was reached after summary judgment); Walters v. Mayo Clinic Health System-EAU Claire Hosp., Inc., 2015 U.S. Dist. LEXIS 26860, *16-17, *23 (W.D. Wis. Mar. 4, 2015) (approving of $350 per hour in Wisconsin and awarding $375,466.66 in fees for successful FMLA claim even after discounting for unsuccessful ADA claim); Alcazar-Anselmo v. City of Chicago, 2011 U.S. Dist. LEXIS 82291, *19 (N.D. Ill. July 27, 2011) (approving $350 hourly rate for attorney with 25 years of experience in 2011 case and awarding total fees of $237,097.46 after reduction due to success on only one of two FMLA claims); Miller v. Ill. DOT, 2014 U.S. Dist. LEXIS 40516, *10 (S.D. Ill. Mar. 26, 2014) ($300 an hour is a reasonable rate for case in southern Illinois).

44.     Accordingly, the Court should compensate Plaintiff's counsel using the lodestar method given both the reasonableness of the hours and the rate.  To the extent Defendants have any objection or request that these fees be adjusted, Plaintiff will address the argument in a Memorandum of Law to be submitted after the parties' full compliance with Local Rule 54.3.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that the Court 1) grant Plaintiff leave to file a Memorandum of Law regarding disputed issues upon the parties' full compliance with Local Rule 54.3, 2) grant Plaintiff leave to supplement this Petition for Attorneys' Fees regarding additional fees incurred after October 5, 2017, and 3) award Avery Camerlingo Kill, LLC **$56,372.50** in reasonable attorneys' fees incurred from March 30, 2016 through October 5, 2017, plus costs of **$1,167.13** for a total of **$57,539.63** plus such other fees and costs incurred after the date of October 5, 2017, and interest, all against Rohr-Mont Motors, Inc. and John Barrett.

/s/ Annemarie E. Kill_____
One of attorneys for Plaintiff

Dated: October 11, 2017

AVERY CAMERLINGO KILL, LLC
Annemarie E. Kill (#6229587)
Attorney for Plaintiff
218 N. Jefferson St., Suite 200
Chicago, IL 60661
312-648-9707
akill@averycamerlingokill.com

## CERTIFICATE OF SERVICE

Annemarie E. Kill certifies that on October 11, 2017 she e-filed the above and foregoing **Plaintiff's Second Supplemental Petition for Attorneys' Fees and Costs** via the case management/electronic case filing system with the Clerk of the U.S. District Court. The parties may access this filing through the Clerk's electronic filing system, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

Mr. William Hutul
William Hutul, P.C.
230 Bennett Dr.
Carol Stream, IL 60188

Mr. James Buchholz
Tourkow Crell Rosenblatt &
Johnston, LLP
127 W. Berry St., Suite 1200
Fort Wayne, IN 46802

Diana C. Bauer
Trier Law Office
P.O. Box 5528
Fort Wayne, IN 46895

/s/ Annemarie E. Kill_____
Annemarie E. Kill (#6229587)
Avery Camerlingo Kill, LLC
Attorney for Plaintiff
218 N. Jefferson St., Suite 200
Chicago, IL 60661
312-648-9707
akill@averycamerlingokill.com